## Commonwealth v. Sheeder

*Paul Millin,* Assistant District Attorney, for Commonwealth.

*Joseph Massa, Jr.,* for defendant.

WOLFE, P. J., September 7, 1972.—Defendant is before the court, nonjury, on a charge against him of violation of section 1027(b) of The Vehicle Code in that he being the operator of a tractor-trailer vehicle failed to stop and identify himself to the owner of the other vehicle involved in an accident on September 28, 1971.

The accident occurred on said date at approximately 3:15 a.m. on Route 6 near what is known as the "Mineral Well" restaurant. Defendant was proceeding in an easterly direction and the other vehicle involved was proceeding in a westerly direction. The operator of the damaged vehicle testified he observed the approaching truck as it crossed the center line into his lane forcing him completely off the road except for his two left wheels which were approximately one foot from the berm when he was struck, resulting in $500 damage to his vehicle.

Defendant testified he observed the approaching vehicle about the time he was in preparation to make a left swerve to avoid a bad hump in the road of his lane, but upon seeing the approaching vehicle towards him, he swerved to the opposite or to the right. Defendant acknowledged he stopped his truck about one-fourth mile from the bump and testified in substance he was almost positive he hit the other vehicle. He stated he inspected his vehicle for about 15

minutes and walked back to the scene. He acknowledged his back lights on the trailer were out and he concluded he did not know if the other party had hit him or he hit the other car.

There can be no doubt that defendant recognized he was involved in an accident. The only question remains is whether he properly identified himself as required by the statute.

Defendant turned his truck around and proceeded back to the accident scene after he had walked back to it and still did not observe the vehicle and, therefore, drove on to his destination.

Defendant's identity was not learned until the following day at approximately the same hour in the morning at a State Police vehicle check in their attempt to ascertain the identity of the vehicle and operator involved in the accident which was reported the night of its occurrence by the operator of the other vehicle.

It was on this check that defendant's identity was learned and he admitted to the State Police he was, in fact, involved in an accident but stated the other vehicle forced him off the highway, hit him and kept going without stopping.

There was no report of this accident to the local police or the State Police by defendant.

We are not here involved in a civil action to determine what side of the road either vehicle may have been on at the time of the occurrence of the accident but only to determine whether or not defendant acted in compliance with the statute.

The court can reasonably conclude defendant did not see the other vehicle after the impact because of the distance between them and a curve interceding between the point of impact and where defendant stopped his truck, which was approximately one-fourth

of a mile from the impact. The victim testified he stayed at the scene for about 15 to 20 minutes before proceeding on which was approximately the same time defendant stayed at his truck.

There was no testimony of any other traffic at this early hour in the morning and there is no apparent reason defendant would have to travel one-fourth of a mile to stop his vehicle except this was the only place, according to his testimony, he could pull it completely off the highway. He also testified he checked his log books and gave no other reasonable explanation why it would take him 15 minutes to make any effort before he walked back to the scene rather than drive his vehicle back to the scene to ascertain the whereabouts of the other vehicle. Indeed, defendant did not even report the accident to the police and only stated he was in an accident to his employer.

Although section 1027(b) compels the operator of a vehicle to identify himself to the other person struck, we consider the legislature had in mind there would be no evasive tactics to delay in ascertaining the whereabouts of the other operator. Generally, when one is involved in an accident such as one of the nature of a sideswipe as occurred in this case both vehicles stop very close to the actual scene rather than one-fourth mile away. This is especially so where there is no other traffic involved that would compel the taking of any other safety precautions.

We conclude from all of the evidence that defendant did not act reasonably in ascertaining the whereabouts of the other operator or act promptly to identify himself under the circumstances.

For these reasons, we conclude the Commonwealth has carried its burden of proof beyond a reasonable doubt and make the following

## ORDER

And now, to wit, September 7, 1972, defendant is found guilty as charged and is directed to report to the court for sentencing when directed by the district attorney.